Liang v. Lynch

BIA
Poczter, IJ
A200 816 878

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand fifteen.

PRESENT:
REENA RAGGI,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
          *Circuit Judges*.
_____

XUNSONG-ZHU LIANG,
          *Petitioner*,

          v.                                         14-72
                                                     NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*
          *Respondent*.
_____

FOR PETITIONER:          Lewis G. Hu, New York, NY.

_____

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General, Civil Division; Leslie McKay, Assistant Director; Stefanie Notarino Hennes, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xunsong-Zhu Liang, a native and citizen of China, seeks review of a December 17, 2013, decision of the BIA affirming the March 9, 2012, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xunsong-Zhu Liang*, No. A200 816 878 (B.I.A. Dec. 17, 2013), *aff'g* No. A200 816 878 (Immig. Ct. N.Y. City Mar. 9, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008)(internal quotation marks and citation omitted). The applicable standards of review are well

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications, like Liang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" they go "to the heart of the applicant's claim," so long as they reasonably support an inference that the applicant is not credible.  8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin,* 534 F.3d at 167.  "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

Here, substantial evidence supports the IJ's finding that Liang was not credible with respect to either past persecution based on his violation of family planning policies or future persecution based on his Christianity.

The IJ did not err in basing the adverse credibility determination, in part, on Liang's demeanor.  *See* 8 U.S.C.

3

§ 1158(b)(1)(B)(iii); *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006) (noting that "demeanor is paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate").  When the Government attorney asked open-ended questions, Liang omitted basic, crucial aspects of the claimed persecution on which his application was predicated.  When his own attorney asked more pointed questions, however, he was able to provide the information from his application.  The IJ was not required to credit Liang's explanations that he forgot the information or did not understand the Government's questions, as a reasonable fact finder would not be compelled to accept them.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).  The demeanor finding is further supported by the IJ's identification of long pauses that marred Liang's testimony. Based on our review of the record, Liang's argument that the pauses reasonably resulted from the Government attorney's open-ended questions is unconvincing.  Because the record supports the IJ's demeanor finding, and the IJ was in the best position to observe Liang's manner while testifying, we afford the finding particular deference.  *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi*

4

*Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).

Inconsistencies between Liang's testimony and asylum application provide additional support for both the demeanor finding and the adverse credibility determination as a whole.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66; *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").  Because Liang omitted several important facts, the IJ reasonably concluded that Liang's testimony was inconsistent with his written application, which set forth those facts in detail.  *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are, for [credibility] purposes, functionally equivalent.").

As the IJ found, Liang was also inconsistent with respect to his claim of religious persecution.  He first testified that his parents still attended the family's usual church, but, when pressed, he testified that they were no longer attending that church because they were in hiding.

Liang's argument that his direct testimony is credible because it is consistent with statements made during his

5

initial interview is misplaced.  First, this argument does not resolve the inconsistencies between his testimony in response to the Government attorney's questions and his application and initial interview.  *See Majidi*, 430 F.3d at 80 (explaining that petitioner's explanation must not merely be plausible but rather must compel a reasonable fact-finder to credit his testimony).  Second, the REAL ID Act allows the agency to base a credibility finding on "*any* inconsistency," if the totality of the circumstances establishes that the applicant is not credible.  *Xiu Xia Lin*, 534 F.3d at 167 (emphasis in original) (citing 8 U.S.C. § 1158(b)(1)(B)(iii)).

The demeanor finding, omissions, and inconsistencies provide substantial support for the IJ's adverse credibility determination, particularly because they relate directly to the main aspects of Liang's claimed persecution.  *See id.* Because the only evidence of a threat to Liang's life or freedom relied on his credibility, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk